Judge Ewing
delivered the Opinion of the Court.
Williamson filed his bill to enforce specific execution of a contract for land sold him by McConnell. The bill, among other other things, alleges that, besides making the payment of four hundred dollars, acknowledged on the face of the agreement, he did on the 12th day of May, 1828, pay said McConnell the further sum of three hundred dollars, which is credited on said agreement; and a short time after the purchase, and on the same day it was made, he puid lo McConnell the additional sum of one hundred dollars, which was not mentioned in the agreement as paid, the agreement having been written and signed before the additional hundred dollars was paid. Whether this sum of one hundred dollars was, or was not,paid is the only question for revision.
McConnell’s answer states, “he has no recollection or belief, that said complainant, on the day the contract was made, paid to this respondent the sum of one hundred dollars, besides the sum of four hundred dollars, and he therefore denies the same.
The answer is not a positive denial of the allegation in the bill. The bill alleges payment of the one hundred dollars; the answer is not that payment was not made, but that he has no recollection or belief, and therefore denies. Both may be true. The payment may have been made, and the defendant have no recollection of it.
The fact charged being one which must, if it ever existed, have been known to the defendant, and which cannot be reasonably presumed to have escaped his recollection in so short a time, it might well be question *455 ed, whether upon such answer the bill .might not have been taken for confessed.
Substance 'of the evidence---held suriicient to establish the fact charged in the bill.
Be that as it may, it is clear that the denial is not such as to bring the case within the rule, that requires two witnesses, or one, with corroborating circumstances, to sustain the allegations of a bill against the positive denial of the answer.
But if it were, we cannot doubt but, that the testimony is amply sufficient to establish the payment.
A daughter, step-daughter and son of the complainant prove the payment, being present at the time it was made. And though one of them refused to answer a question, which was immaterial, and some indecorum was displayed by them, they seem to be illiterate persons, and their indecorum may be more properly ascribable to their want of proper education, than to their want of honesty.
Besides their testimony in the material point, is sustained by James Bunch, who proves that McConnell acknowledged that he had received eight huudred dollars, which is all the complainant charges him with receiving. and which includes the one hundred dollars; and corroborated by the testimony of Thomas Brock-man, who proves that in a dispute between complainant and defendant about said payment, that McConnell admitted that he recollected a surplus of about fifty dollars paid.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that the additional credit of the one hundred dollars may be allowed.